IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 00-051 |
| | ) | |
| GEORGE DORSEY | ) | |

**UNOPPOSED MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(2)
<u>WITH CITATIONS OF AUTHORITY</u>**

Defendant, George Dorsey ("Mr. Dorsey"), by his attorney, Michael J. Novara, First Assistant Federal Public Defender, respectfully files this Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2).

1. George Dorsey was sentenced on September 29, 2000, to a term of imprisonment of 135 months for an offense involving cocaine base ("crack").

2. Subsequently, the United States Sentencing Commission amended <u>United States Sentencing Guidelines</u>, § 2D1.1 to decrease by two levels the offense levels applicable to specific weights of cocaine base (the "Crack Amendment"). The Crack Amendment became effective on November 1, 2007.

3. On December 11, 2007, the Sentencing Commission determined that the Crack Amendment would be retroactive effective March 3, 2008.

4. The Sentencing Commission further amended § 2D1.1 so as to effectuate the two-level reduction intended by the original Crack Amendment. This May 1, 2008 amendment, also deemed retroactive, corrected certain unintended results in cases involving multiple drug types the Drug Equivalency Tables.

5. Application of these Crack Amendments in the present case results in a lowering of Mr. Dorsey's Offense Level under U.S.S.G. § 2D1.1 from 34 to 32.

6. Title 18, § 3582(c)(2) provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by

>    the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(2).

7.  In the present case, Mr. Dorsey's offense involved 420 grams of crack cocaine and 6 kilograms of powder cocaine. Because the offense involved multiple drug types, both the crack and powder cocaine were converted into their "marijuana equivalencies," pursuant to the Drug Equivalency Table found in U.S.S.G. § 2D1.1. The marijuana equivalency of both the crack and powder cocaine originally resulted in a base offense level of 34. After subtracting 3 levels for acceptance of responsibility, Mr. Dorsey's Final Offense Level was 31, with a Criminal History Category of III, resulting in a previous Guideline Range of 135 to 168 months imprisonment. Mr. Dorsey's sentence of 135 months was at the low-end of his Guidelines range.

8.  Application of the above amendments to Mr. Dorsey's case results in the lowering of his § 2D1.1 drug Offense Level from 34 to 32, and his Final Offense Level from 31 to 29. Specifically, although the marijuana equivalency of both the crack and powder cocaine continues to result in a base offense level of 34, the May 1, 2008 amendment

provides that the combined offense level should be reduced by 2 levels, resulting in a drug offense level of 32. U.S.S.G. § 2D1.1, Application Note (D)(i). After subtracting 3 levels for acceptance of responsibility, Mr. Dorsey's final amended Offense Level is 29, with a Criminal History Category of III, resulting in an amended Guideline Range of 108 to 135 months imprisonment.

9. Were the Court to sentence Mr. Dorsey to the low end of his range, like it did at his previous sentencing, his sentence would be reduced to 108 months - a 27 month reduction. But because Mr. Dorsey's case involves a mandatory minimum, this Court cannot provide Mr. Dorsey the full benefit of the Crack Amendment's 2-level reduction. Rather, the court can only reduce his sentence to 120 months - which represents merely a 15 month reduction.

10. In light of the foregoing, undersigned counsel requests that the Court enter an Order reducing Mr. Dorsey's sentence from 135 to 120 months.

11. The government, through Assistant United States Attorney Constance M. Bowden, consents to the granting of this motion.

12. A proposed Order, in the form approved by the Administrative Office of the United States Courts, is attached hereto.

## CONCLUSION

For all the foregoing reasons, Mr. Dorsey respectfully requests that the Court grant this motion and to reduce his sentence to 120 months.

                Respectfully submitted,

                **s\ Michael J. Novara**
                Michael J. Novara
                First Assistant Federal Public Defender
                Attorney I.D. No. 66434